## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## KANSAS CITY DIVISION

LEISURE HOTEL CORPORATION,

              Plaintiff,

      v.

LEISURE.COM MEDIA, INC.,

              Defendant.

Civil No. _____   11-2297-JWL-JPO

### Complaint

COMES NOW PLAINTIFF, Leisure Hotel Corporation, for its Complaint against Leisure.com Media, Inc., and alleges as follows:

### Parties

1.      Plaintiff Leisure Hotel Corporation ("Leisure Hotel") is a corporation duly organized under the laws of the State of Kansas with its principal place of business located at 4501 College Boulevard, Suite 275, Leawood, Kansas 66211.

2.      Upon information and belief, Defendant Leisure.com Media, Inc. ("Leisure Media") is a California corporation with a principal place of business at 777 E. Tahquitz Canyon Way, Suite 200-084, Palm Springs, California 92262. Corporate information for Leisure Media is not available on California's secretary of state database, which calls into question whether Leisure Media is properly incorporated in the state of California. Information regarding Leisure Media's corporate status was taken from records available at the United States Patent and Trademark Office's trademark application database.

**Jurisdiction and Venue**

3.      This is an action for counterfeiting, trademark infringement, false designation of origin, unfair competition, and cybersquatting arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the common law of the State of Kansas.

4.      This Court has jurisdiction over the subject matter of the complaint pursuant to 15 U.S.C. § 1121; 28 U.S.C. § 1331; 28 U.S.C. § 1338(a), and over the unfair competition cause of action under 28 U.S.C. § 1338(b) and 28 U.S.C § 1367.

5.      This Court has personal jurisdiction over Leisure Media.  Upon information and belief, Leisure Media owns and operates a website, further described below, which provides services to residents of the State of Kansas and throughout this judicial district.  Thus, Leisure Media is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Kansas long arm statute, due to at least Leisure Media's substantial business in this forum, including, but not limited to: (1) at least a portion of the infringements and unfair competition alleged herein; and (2) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Kansas and in this judicial district.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims stated herein occurred in this judicial district and Leisure Media is subject to personal jurisdiction in this judicial district.

**Facts Common to All Counts**
**Leisure Hotel's Background and Trademarks**

7.      Leisure Hotel provides a wide array of services in the hospitality, restaurant, and resort businesses.  Notably, Leisure Hotel offers hotel management services, hotel receivership services, and hotel brokerage services throughout the nation.  Leisure Hotel's goods and services

are of the highest quality. The marketing and sales of Leisure Hotel's goods and services constitute a substantial and important part of Leisure Hotel's business.

8.    Leisure Hotel has promoted its goods and services through a variety of media. Leisure Hotel has spent substantial time, money, and effort developing many distinctive trademarks, designs, forms of advertisement, and slogans, which Leisure Hotel has actively, continuously, and prominently used in interstate commerce in association with its goods and services. For instance, Leisure Hotel has long used in connection with its goods and services the following trademarks:  LEISURE™, LEISURE HOTELS™, LEISURE HOTELS AND RESORTS™, LEISURE REAL ESTATE ADVISORS™, and LEISURERES.COM™ (the "Leisure Marks"). By virtue of extensive sales, advertising, and promotion of the Leisure Marks, Leisure Hotel has acquired extensive common law trademark rights throughout the United States. For purchasers, potential purchasers, and members of the general public, the Leisure Marks symbolize Leisure Hotel and the affection, favorable recognition, and substantial goodwill that is associated with Leisure Hotel. The Leisure Marks exclusively symbolize Leisure Hotel and are associated in the general public mind with Leisure Hotel, and Leisure Hotel's valuable goodwill.

9.    Leisure Hotel actively and prominently promotes its goods and services in commerce under numerous trademarks that are also registered with the United States Patent and Trademark Office ("Registered Marks") as summarized in the following table:

| Trademark | Goods/Services | Status/Status Date | Exhibit |
|---|---|---|---|
| LEISURE<br><br>Registration No: 3,066,790 | (Int'l Class: 43) hotel, lodging, restaurant, catering, bar and lounge services; provision of conference, exhibition and meeting facilities; hotel information services provided by means of global computer information network; reservation services for others for hotels, lodges, inns, motels and resorts. | Registered: March 7, 2006 | A |
| LEISURE<br><br>Registration No: 2,959,777 | (Int'l Class: 35) Business management consultation services in the field of management information systems; business management consultation services, namely, setting up hotel accounting, inventory and cash control systems for others and development and | Registered: June 7, 2005 | B |

| Trademark | Goods/Services | Status/Status Date | Exhibit |
|---|---|---|---|
| | implementation of employee compensation packages and labor contracts for others; providing advice and information in the field of employment staffing of hotels; staffing services, namely, providing employment staffing of hotels; business marketing services, namely developing promotional campaign for hotels; advertising and marketing services, namely, preparation and dissemination of advertising matter for others in the field of hotel promotion, preparing sales presentation materials for business property owners, providing purchaser profile reports and target market reports for business property owners and performing pre-marketing evaluation and market research for business property owners; hotel management services; business marketing services, namely, preparing audio-visual and print advertising campaigns in the field of real estate (Int'l Class: 36) Financial services, namely, providing cash flow projections for hotels; real estate brokerage services, namely, acting as a intermediary for business property owners in the sale of their property; real estate advisory services, namely, providing advice and information relating to the purchase of business properties (Int'l Class: 37) Providing assistance and advice regarding hotel construction and providing assistance and advice in the renovation of business properties; construction project management services for business properties (Int'l Class: 42) Providing advice regarding the design of business properties (Int'l Class: 43) Providing assistance in the development of hotel and food beverage programs for others | | |
| LEISURERES.COM<br><br>Registration No: 3,295,263 | (Int'l Class: 39) Arranging travel tours, conducting sightseeing tours for others, tour guide services; travel agency services, namely, making reservations and bookings for transportion. (Int'l Class: 43) Travel agency services, namely, making reservations and bookings for temporary lodging; on-line hotel and motel reservation services for others. | Registered September 18, 2007 | C |
| LEISURE HOTELS<br><br>Registration No: 3,066,734 | (Int'l Class: 43) hotel, lodging, restaurant, catering, bar and lounge services; provision of conference, exhibition and meeting facilities; hotel information services provided by means of global computer information network; reservation services for others for hotels, lodges, inns, motels and resorts. | Registered: March 7, 2006 | D |
| LEISURE HOTELS<br><br>Registration No: 3,690,622 | (Int'l Class: 35) Business management consultation services in the field of management information systems; business management consultation services, namely, setting up hotel accounting, inventory and cash control systems for others and development and implementation of employee compensation packages and labor contracts for others; providing advice and information in the field of employment staffing of hotels; staffing services, namely, providing employment staffing of hotels; business marketing services, namely developing promotional campaign for hotels; advertising and marketing services, namely, preparation and dissemination of advertising matter for others in the field of hotel promotion, preparing sales presentation materials for business property owners, providing purchaser profile reports and target market reports for business property owners and performing pre-marketing evaluation and market research for business property owners; hotel management services; business marketing services, namely, preparing audio-visual and print advertising campaigns in the field of real estate (Int'l Class: 36) Financial services, namely, providing cash flow | Registered: September 29, 2009 | E |

| Trademark | Goods/Services | Status/Status Date | Exhibit |
|---|---|---|---|
| | projections for hotels; real estate brokerage services, namely, acting as a intermediary for business property owners in the sale of their property; real estate advisory services, namely, providing advice and information relating to the purchase of business properties<br>(Int'l Class: 37) Providing assistance and advice regarding hotel construction and providing assistance and advice in the renovation of business properties; construction project management services for business properties<br>(Int'l Class: 42) Providing advice regarding the design of business properties<br>(Int'l Class: 43) Providing assistance in the development of hotel and food beverage programs for others | | |
| LEISURE HOTELS & RESORTS<br><br>Registration No: 3,061,186 | (Int'l Class: 43) hotel, lodging, restaurant, catering, bar and lounge services; provision of conference, exhibition and meeting facilities; hotel information services provided by means of global computer information network; reservation services for others for hotels, lodges, inns, motels and resorts. | Registered: February 21, 2006 | F |
| LEISURE HOTELS & RESORTS<br><br>Registration No: 2,959,781 | (Int'l Class: 35) Business management consultation services in the field of management information systems; business management consultation services, namely, setting up hotel accounting, inventory and cash control systems for others and development and implementation of employee compensation packages and labor contracts for others; providing advice and information in the field of employment staffing of hotels; staffing services, namely, providing employment staffing of hotels; business marketing services, namely developing promotional campaign for hotels; advertising and marketing services, namely, preparation and dissemination of advertising matter for others in the field of hotel promotion, preparing sales presentation materials for business property owners, providing purchaser profile reports and target market reports for business property owners and performing pre-marketing evaluation and market research for business property owners; hotel management services; business marketing services, namely, preparing audio-visual and print advertising campaigns in the field of real estate<br>(Int'l Class: 36) Financial services, namely, providing cash flow projections for hotels; real estate brokerage services, namely, acting as a intermediary for business property owners in the sale of their property; real estate advisory services, namely, providing advice and information relating to the purchase of business properties<br>(Int'l Class: 37) Providing assistance and advice regarding hotel construction and providing assistance and advice in the renovation of business properties; construction project management services for business properties<br>(Int'l Class: 42) Providing advice regarding the design of business properties<br>(Int'l Class: 43) Providing assistance in the development of hotel and food beverage programs for others | Registered June 7, 2005 | G |
| LEISURE REAL ESTATE ADVISORS<br><br>Registration No: 3,103,250 | (Int'l Class: 36) Financial services, namely, providing cash flow projections for hotels; real estate brokerage services, namely, acting as a intermediary for business property owners in the sale of their property; real estate advisory services, namely, providing advice and information relating to the purchase of business properties | Registered June 13, 2006 | H |

The Leisure Marks and Registered Marks shall collectively be referred to as the "Marks."

10.     Each of Leisure Hotel's Marks is presently alive, in good standing, unrevoked, and uncancelled.   The certificates of registrations attached as Exhibits A-H are prima facie evidence of Leisure Hotel's ownership of each registration, the validity thereof, and Leisure Hotel's exclusive right to use the marks shown therein in connection with the goods and services set forth in each certificate of registration.

11.     Leisure Hotel actively and prominently promotes the Marks in all of its advertisements, including, but not limited to, internet websites, print advertising, business telephone directories, and business cards.

12.     Leisure Hotel has used its Marks for an extensive amount of time.  Leisure Hotel has expended substantial amounts of money promoting its Marks.  As such, the Marks serve to identify Leisure Hotel as the source of the goods and services bearing the mark.

### Leisure Media's Infringing Conduct

13.     Upon information and belief, Leisure Media owns and operates a website accessible at www.leisure.com (the "Website").  A true and accurate printout of the Website is attached hereto as Exhibit I.  Leisure Media is using the services of Domains By Proxy, Inc. to obfuscate and hide from the public the fact that Leisure Media is the registrant of the leisure.com domain name.  The Website prominently uses LEISURE nominative phrases, including without limitation, LEISURE, LEISURE.COM, LEISURE SEARCH, and LEISURE TRAVEL (collectively the "Infringing Marks"), in its domain name and throughout the content of the webpages accessible at the Website.  The Website's description metatag broadly describes the Website as follows: "Leisure.com will help you book cheap airline tickets, hotel reservations, car rentals, vacations and travel deals at your leisure. Get the cheapest airfare, rental cars, vacation packages and hotel deals at Leisure."

14.     Similarly, the Website's keyword metatag identifies the following services for the website: "cheap airline tickets, cheap plane tickets, airline tickets, plane tickets, cheap tickets, cheap airfare, cheap hotels, cheap vacations, hotel reservations, car rentals, travel deals, flight deals, hotel deals, air travel, air tickets, air fares, airfare, travel."

15.     The Website prominently features search capabilities enabling users thereof to search for and book flights, hotels, packages of flights and hotels, cruises, and cars rentals.  The Website also features links to "Top Destinations," which enables users of the Website to easily search for hotels and amenities located in various popular destinations like London, Paris, Rome, Madrid, Sydney, New York, Los Angeles, and Miami.  Leisure Media Website's metatags tout the Website's ability to find "cheap hotels" and "cheap vacations," which may indicate that Leisure Media and its affiliated Website finds goods and services that are less expensive and/or are of lower quality than Leisure Hotel's goods and services.

16.     The Website appears to feature paid advertisements from companies like Travelocity, which also assists users search for and book flights, hotels, packages of flights and hotels, and car rentals.  Upon information and belief, Leisure Media earns revenue when users of its Website click on advertisements featured on Leisure Media's Website.

17.     Leisure Media and its affiliated Website offer goods and services identical or nearly identical to those of Leisure Hotel.

**Count 1 – Trademark Counterfeiting**
**15 U.S.C. § 1114**

18.     Leisure Hotel incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

19.     Leisure Hotel owns the Registered Marks.

20.     Leisure Hotel has used each of the Registered Marks continuously and consistently for an extended period of time to advertise its services.  Leisure Hotel's use of the Registered Marks in interstate commerce has indelibly impressed on the consuming public's minds the impression that the Registered Marks identify Leisure Hotel as the source of its goods and service.  Thus, the Registered Marks serve to identify Leisure Hotel as the source of the goods and services bearing the Registered Marks because the relevant consumers have come to associate the Registered Marks with Leisure Hotel.

21.     Leisure Media adopted and used the Infringing Marks as shown on its Website and in the domain name www.leisure.com after Leisure Hotel first began using the Registered Marks.

22.     As alleged above, Leisure Media has used spurious designations that are identical with, or substantially indistinguishable from, Leisure Hotel's Registered Marks on goods and/or services covered by the registrations for those marks.

23.     Upon information and belief, Leisure Media has intentionally and willfully used these spurious designations knowing they are counterfeit in connection with the advertising, sale, and offering for sale goods and/or services for Leisure Media's private financial gain and such intentional and willful conduct by Leisure Media makes this an exceptional case.

24.     Leisure Media's use of Leisure Hotel's Registered Marks in connection with the advertising and sell of counterfeit goods and/or services constitutes Leisure Media's use of the Registered Marks in commerce.

25.     Leisure Media's unauthorized use of the Registered Marks as set forth above is likely to:

    a.  Cause confusion, mistake and deception;

b.  Cause the public to believe that Leisure Media's counterfeit goods and/or services are the same as Leisure Hotel's goods and/or services and/or that Leisure Media is authorized, sponsored, or approved by Leisure Hotel and/or that Leisure Media is affiliated, connected, or associated with or in some way related to Leisure Hotel;

c.  Result in Leisure Media unfairly benefiting from Leisure Hotel's advertising and promotion and profiting from the reputation of Leisure Hotel's advertising and promotion and profiting from the reputation of Leisure Hotel and its Registered Marks;

all of which to the substantial and irreparable injury to the public, Leisure Hotel, and Leisure Hotel's Registered Marks and the substantial goodwill represented thereby.

26.   Leisure Media's acts as set forth herein constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.  Such conduct entitles Leisure Hotel to injunctive relief, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees or, at Leisure Hotel's election, statutory damages of up to $2,000,000 per counterfeit mark per type of goods and/or services advertised, sold, and/or offered for sale, pursuant to 15 U.S.C. § 1117(c)(2).

### Count 2 – Trademark Infringement
### 15 U.S.C. § 1114

27.   Leisure Hotel incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

28.   Leisure Hotel owns the Registered Marks.

29.   Leisure Hotel has used each of the Registered Marks continuously and consistently for an extended period of time to advertise its services.  Leisure Hotel's use of the Registered Marks in interstate commerce has indelibly impressed on the consuming public's

minds the impression that the Registered Marks identify Leisure Hotel as the source of its goods and service. Thus, the Registered Marks serve to identify Leisure Hotel as the source of the goods and services bearing the Registered Marks because the relevant consumers have come to associate the Registered Marks with Leisure Hotel.

30.    Leisure Media adopted and used the Infringing Marks as shown on its Website and in the domain name leisure.com after Leisure Hotel first began using the Registered Marks.

31.    Leisure Media's adoption and use of the Infringing Marks, including in the domain name for its Website and on the webpages accessible on its Website, to identify Leisure Media's services constitutes use of a copy and colorable imitation of Leisure Hotel's Registered Marks, and is likely to cause confusion, mistake, or to deceive the purchasing public into believing that the goods and services of Leisure Media emanate from the same source of the goods and services previously provided by Leisure Hotel, or that there is some connection, sponsorship, or affiliation between the services of Leisure Hotel and Leisure Media, all of which are contrary to fact.

32.    Leisure Hotel has no control over the nature and quality of the goods and services of Leisure Media. Any failure, neglect, or default by Leisure Media in providing goods or services will reflect adversely on Leisure Hotel as the believed source or origin thereof, which will hinder Leisure Hotel's effort to continue to protect its outstanding reputation in the industry and subject Leisure Hotel to loss of sales and service and the considerable expense to promote its goods and services in association with the Registered Marks, all to the irreparable harm of Leisure Media.

33.    Leisure Media's conduct constitutes an infringement of Leisure Hotel's Registered Marks, and is actionable under the provisions of 15 U.S.C. § 1114.

34.     Upon information and belief, Leisure Media has deliberately and willfully infringed Leisure Hotel's Registered Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 and Leisure Hotel has been and will continue to be irreparably harmed by such infringement unless this Court enjoins Leisure Media from its continuing infringement pursuant to 15 U.S.C. § 1116.

35.     Upon information and belief, Leisure Media is willfully infringing Leisure Hotel's Registered Marks.  As a result of Leisure Media's deliberate and willful infringement of Leisure Hotel's Registered Marks,  Leisure Hotel is entitled to damages, Leisure Media's profits, attorneys' fees and costs, and any and all other relief authorized by 15 U.S.C. § 1117.

### Count 3 – False Designation of Origin
### 15 U.S.C. § 1125

36.     Leisure Hotel incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

37.     Leisure Media's conduct as recited herein, including its use of the Infringing Marks on and in  connection with its goods and services and associated Website and leisure.com domain name constitutes a false designation of origin in that the use of the term LEISURE in connection with the services of Leisure Media, is likely to cause confusion, to cause mistake, or to deceive others as to the affiliation, connection, or association of Leisure Media with Leisure Hotel, or as to the origin, sponsorship, approval of its goods, services and commercial activities with Leisure Hotel and constitutes a violation of 15 U.S.C. § 1125(a).

38.     Upon information and belief, Leisure Media's conduct is willful and intentional with the purpose of misleading the public into believing that the goods and services of Leisure Media are in some way sponsored by, affiliated with, or connected to the goods and services previously provided by Leisure Hotel under its Marks, all of which are contrary to fact.  Leisure

Hotel has been and will continue to be irreparably harmed by Leisure Media's conduct unless this Court enjoins Leisure Media from its unlawful conduct pursuant to 15 U.S.C. § 1116.

39.    As a result of Leisure Media's deliberate and willful conduct, Leisure Hotel is entitled to damages, Leisure Media's profits, attorneys' fees and costs, and any and all other relief authorized by 15 U.S.C. § 1117.

## Count 4 – Unfair Competition
## 15 U.S.C. § 1125

40.    Leisure Hotel incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

41.    Leisure Hotel uses its Marks to identify it as the source of services in the hospitality, restaurant, and resort businesses.

42.    As a result of the facts alleged above, Leisure Hotel has developed its Marks to be closely associated with, and are an indication of source of origin of, the goods and services rendered by Leisure Hotel.  Leisure Hotel's Marks have acquired a substantial and favorable reputation and goodwill in connection with the goods and services provided by Leisure Hotel.

43.    Leisure Media's continued and unauthorized use of the Marks in advertising is likely to, and upon information and belief is intended to, cause confusion or mistake or to deceive as to the affiliation, connection or association of Leisure Media with Leisure Hotel or the possible origin, sponsorship or approval of Leisure Media's services by Leisure Hotel.

44.    Leisure Media's use of the Marks is a misrepresentation that Leisure Media is affiliated with Leisure Hotel, which constitutes unfair competition with Leisure Hotel.

45.    Upon information and belief, Leisure Media has deliberately and willfully committed acts of unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.  Leisure Media's conduct has, and continues to, irreparably harm Leisure Hotel.

46.     Unless Leisure Media is restrained and enjoined, Leisure Hotel will suffer further and irreparable damage for which Leisure Hotel has no full and adequate remedy at law.  As a result of Leisure Media's deliberate and willful conduct, Leisure Hotel is entitled to damages, Leisure Media's profits, attorneys' fees and costs, and any and all other relief authorized by law.

## Count 5 – Unfair Competition Under Kansas Common Law

47.     Leisure Hotel incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

48.     Leisure Media's acts have created, and unless restrained by this Court, will continue to create, a likelihood of confusion and deception of the consuming public, causing irreparable injury to Leisure Hotel for which Leisure Hotel has no adequate remedy at law.

49.     Leisure Media's conduct constitutes unfair competition under the common law of Kansas by a deliberate course of conduct, all without authorization, license, privilege, or justification.

50.     Upon information and belief, Leisure Media acted with full knowledge of Leisure Hotel's use of the Marks and without regard to the likelihood of confusion and deception of the public created by those activities.

51.     Leisure Media's conduct demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with Leisure Hotel to the substantial and irreparable injury of Leisure Hotel.

52.     As a result of Leisure Media's acts, Leisure Hotel has been damaged and will continue to be damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Leisure Hotel is entitled to injunctive relief, an accounting of Leisure Media's profits,

actual damages, punitive damages, attorneys' fees, the costs of this action, and any and all other relief authorized by law.

## Count 6 – Cybersquatting
## 15 U.S.C. § 1125(d)

53.     Leisure Hotel incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

54.     Leisure Media has registered and/or is using the domain name leisure.com (the "Domain Name"), which is identical and/or confusingly similar to Leisure Hotel's Marks. Leisure Media's Domain Name consists of or contains a mark that is owned by Leisure Hotel and which was distinctive at the time of Leisure Media's registration and/or use of the Domain Name.

55.     Leisure Media has unjustly obtained gains, profits, and advantages as a result of their wrongful acts of federal trademark cyberpiracy in amounts thus far not determined.

56.     Upon information and belief, Leisure Media has a bad faith intent to profit from Leisure Hotel's Marks.

57.     Upon information and belief, the foregoing acts were done willfully and deliberately and with an intent to engage in cyberpiracy at Leisure Hotel's expense in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

58.     Leisure Media's unlawful acts in violation of Section 1125(d) of the Lanham Act have caused, and unless enjoined by this Court, will continue to cause, irreparable harm and damage to Leisure Hotel.  Accordingly, Leisure Hotel seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116.

59.     Leisure Hotel has no adequate remedy at law and is suffering irreparable harm and damage as a result of Leisure Media's acts of federal trademark cyberpiracy in an amount

thus far not determined, but within the jurisdiction of this Court, which amount should be trebled pursuant to 15 U.S.C. § 1117.

### Prayer for Relief

WHEREFORE, Leisure Hotel demands a judgment against Defendant and prays that this Court:

a.  Preliminarily and permanently enjoin Leisure.com Media, Inc. and its agents, servants, employees, and attorneys and all persons in active concert or participation with it or acting for, with, by, through, or under it, from counterfeiting and infringing Leisure Hotel's Marks; from unfair competition with Leisure Hotel; from falsely designating the origin of Leisure Hotel's services; and from cyberpiracy;

b.  Order Leisure Media to deliver up for destruction to Leisure Hotel all unauthorized products and/or advertisements in its possession or under its control bearing any of Leisure Hotel's Marks or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, pursuant to 15 U.S.C. § 1118;

c.  Grant to Leisure Hotel, should Leisure Hotel so elect, an award of statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000 for each trademarked item that Leisure Hotel has willfully counterfeited and infringed;

d.  Grant to Leisure Hotel, should Leisure Hotel so elect, an award of statutory damages of up to $100,000 per domain name as authorized under 15 U.S.C. §§ 1117(d) and 1125(d) as a result of Leisure Media's acts of cyberpiracy;

e.  Grant to Leisure Hotel an award and accounting of Leisure Media's profits, any damages sustained by Leisure Hotel, and that all profits or damages be trebled, the costs of this action, and Leisure Hotel's attorneys' fees, pursuant to 15 U.S.C. § 1117;

f.  Award Leisure Hotel punitive damages for Defendant's acts of unfair competition;

g.  Order and direct Leisure Media to immediately transfer the domain name leisure.com to Leisure Hotel; and

h.  Grant to Leisure Hotel such further relief as may be equitable and proper.

### Jury Demand

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Leisure Hotel Corporation hereby demands a trial by jury.

Dated: May 27, 2011

Respectfully Submitted,

Cheryl L. Burbach, KS Bar #23,592
Matthew B. Walters, KS Bar #23,514
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
T: (913) 647 – 9050
F: (913) 647 – 9057
cburbach@hoveywilliams.com
mwalters@hoveywilliams.com

ATTORNEYS FOR PLAINTIFF
LEISURE HOTEL CORPORATION